**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CORINNE GROVER**, ) | |
| ) | |
| Plaintiff ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC,** ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| Defendant ) | |

## **COMPLAINT**

CORINNE GROVER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Burlington, Massachusetts 01803.

6.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.  Defendant is a national debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8.  Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. The alleged debt at issue arose out of transactions originating from a personal Sears credit card account that was primarily for personal, family or household purposes.

13. Within the one year period preceding the filing of this Complaint and continuing through June 2016, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone in an attempt to collect the alleged debt.

14. Defendant has placed telephone calls to Plaintiff from (205) 238-6074. The undersigned has confirmed that this telephone number belongs to Defendant.

15. Plaintiff has told Defendant's collectors on numerous occasions that she is not able to make payments because she was on a fixed income.

16. Plaintiff also requested on several occasions that the calls stop.

17. However, Defendant continued to call.

18. Once Defendant was told the calls were unwanted and Plaintiff could not pay, its only purpose in continuing to call could only have been to harass Plaintiff.

19. Ultimately, when Defendant would not stop calling, Plaintiff took necessary measures to block calls from Defendant's number.

20. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## <u>DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA</u>

21. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

22. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

23. Defendant violated §§1692d and 1692d(5) when it placed repeatedly harassing telephone calls to Plaintiff's cellular telephone, and continued to call knowing its calls were unwanted.

WHEREFORE, Plaintiff, CORINNE GROVER, respectfully prays for judgment as follows:

     a.    All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

     b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

     c.    All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

     d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CORINNE GROVER, demands a jury trial in this case.

Respectfully submitted,

Dated: June 10, 2016                By:    /s/ Craig Thor Kimmel
                                                              Craig Thor Kimmel, Esq.
                                                              Kimmel & Silverman, P.C.
                                                              30 East Butler Pike
                                                              Ambler, PA 19002
                                                              Phone: (215) 540-8888
                                                              Facsimile: (877) 788-2864
                                                              Email: kimmel@creditlaw.com